***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN CONFESSORE, Administratrix for the Estate of MICHAEL J. CONFESSORE, deceased and SUSAN CONFESSORE, individually,<br><br>Plaintiff,<br><br>v.<br><br>AGCO CORP., WEMROCK ORCHARDS, INC., *et al.*,<br><br>Defendants. | Civil Action No. 14-7262(FLW)<br><br>OPINION |

**WOLFSON, District Judge**:

The instant case, brought by Plaintiff Susan Confessore, in her individual capacity and as Administratrix of the Estate of decedent Michael Confessore ("the Decedent"), pursuant to the New Jersey Survivorship Act, N.J.S.A. 2A:15-2 and New Jersey Product Liability Act ("NJPLA"), N.J.S.A. 2A:58(c)-1, against Defendant AGCO Corporation ("AGCO"), Wemrock Orchards, Inc. ("Wemrock"), and other unnamed corporations and individuals, was removed to this Court on the basis of diversity jurisdiction. Plaintiff moves to amend her Complaint to add Hights Farm Equipment Co. ("Hights"), a New Jersey entity, as a defendant, and to remand this suit on various procedural grounds. In the Complaint, Plaintiff alleges that defects in the design and production of a tractor manufactured by AGCO operated by the Decedent caused his death. For the reasons set forth herein, this Court **REMANDS** this matter to the Superior Court of New Jersey Law Division, Monmouth County. Plaintiff's motion is **GRANTED**.

1

**FACTUAL BACKGROUND**

The following facts are taken from the Complaint and assumed as true. This case arises from an incident which occurred on May 17, 2013, at the location of 130 Gravel Hill Road, Manalapan, New Jersey. The Decedent, a resident of Manalapan prior to his death, was fatally wounded when a tractor he was operating rolled on top of him and came to rest. *See* Compl. at ¶ 6. At the time of the incident, the decedent was utilizing the tractor to pull a tree from the ground when the front end of the tractor rose and proceeded to fall, causing the Decedent to sustain fatal injuries. *Id.* at ¶ 7. The tractor was owned by Wemrock, whose principal place of business is located in Freehold Township, Monmouth County, New Jersey. *Id.* at ¶ 5. The manufacturer of the tractor is AGCO, successor-in-interest to Massey Ferguson, Inc. *See* Plaintiff's Certification in Support of Order Granting Leave to Amend Plaintiff's Complaint and to Remand ("Pl. Cert.") ¶ at 4. AGCO is a Delaware Corporation authorized to do business in New Jersey and whose principal place of business is located in Duluth, Georgia. Compl. Finally, also named as Defendants are ABC Corps. 1-10 (said names being fictitious, real names unknown) and John Does 1-10 (said names being fictitious, real names unknown). Compl. at ¶ 4.

**PROCEDURAL HISTORY**

Plaintiff filed her complaint on February 26, 2014, in the New Jersey Superior Court, Law Division, Monmouth County. The Complaint contains various averments asserted against AGCO, Wemrock, and other unnamed corporations and individuals. Count One avers that AGCO manufactured the subject tractor, *id.* at ¶ 3; that they had introduced the tractor and its components into the stream of commerce, *id.* at ¶ 8; that it was AGCO's duty to maintain the safe condition of the tractor, *id.* at ¶ 9; and that as a direct and proximate cause of AGCO's negligence the decedent suffered the injuries leading to his death, *id.* at ¶¶ 10–11. Count Two avers that AGCO had

expressly and impliedly warranted that the tractor was manufactured and distributed in a proper manner with adequate warnings and fit for its intended use. *Id.* at Second Count, ¶ 2. Counts Three and Four allege that as a direct and proximate result of AGCO's negligence the Decedent suffered his injuries and, despite AGCO's constructive and actual knowledge of the defects that they placed the tractor into the stream of commerce. *Id.* at Third Count, ¶¶ 2–3; *id.* at Fourth Count, ¶¶ 2–3. Finally, Count Five is directed against Wemrock, alleging that it negligently, carelessly, and/or recklessly provided the Decedent with the tractor despite having actual or constructive knowledge of its defects, and that as a direct and proximate result of this negligence, the Decedent suffered his injuries. *Id.* at Fifth Count, ¶¶ 2–3.

On April 24, 2014, Wemrock submitted an answer in State Court to Plaintiff's complaint. *See* Wemrock's Answer ("Wemrock Answer"). Indeed, the answer addressed the allegations made against Wemrock individually and raised twenty affirmative defenses. *Id.* The Ninth Affirmative Defense states that the conduct alleged in the Complaint was performed by an independent contractor and not by an agent, servant, or employee of Wemrock. *Id.* at Affirmative Defense 9. Notwithstanding that defense, in the alternative, the Fourteenth Affirmative Defense states that the Plaintiff's causes of action are barred by the provision of the New Jersey Workers Compensation Act N.J.S.A. 34:15-5 *et seq.*

On November 11, 2014, Wemrock settled Plaintiff's worker's compensation claim. *See* Order Approving Settlement. On November 21, 2014, upon receipt of the Order Approving Settlement, AGCO removed this matter to this Court on the basis of diversity jurisdiction. *See* AGCO Notice of Removal ("Notice of Removal"). In that Notice, AGCO claims that Wemrock was improperly joined in Plaintiff's Complaint to create complete diversity among all adverse

parties. Notably, Wemrock has not been dismissed from this case despite the worker's compensation settlement with Plaintiff.

On December 10, 2014, Plaintiff filed a certification instead of a brief in support of her motion to amend and to remand the matter to the Monmouth County Superior Court.[1] Plaintiff disputes AGCO's jurisdictional ground and the timeliness of AGCO's notice of removal, and seeks leave to amend her Complaint to add Hights, a company that performed service on the subject tractor prior to the Decedent's operation of that tractor, and whose principal place of business is in Monroe Township, New Jersey. Pl. Cert. at ¶¶ 23–25. Plaintiff reasons that during the course of discovery in the state action, Wemrock provided Plaintiff with a work order invoice detailing the annual service Hights performed on the tractor. *Id.* Notably, Plaintiff asserts that Hights had serviced and maintained the tractor on October 10, 2012, seven months prior to the subject accident. *Id.* Accordingly, Plaintiff alleges that the company "may be responsible for the creation of the hazardous and dangerous condition which subsequently led to the injuries and death of the decedent." *Id.* Joining Hights in this matter would destroy any diversity claimed by AGCO. *Id.* at ¶¶ 28–29. Plaintiff submitted a proposed amended complaint ("Amend. Compl."), which asserts negligence and products liability claims against Hights.

Finally, in response, AGCO objects to Plaintiff's proposed inclusion of Hights in the Amended Complaint, arguing that the sole purpose of this joinder is to defeat diversity of

---

[1] AGCO seeks to strike Plaintiff's Certification on the basis that it contains factual and legal conclusions which should be disregarded pursuant to L.Civ.R. 7.2(a). AGCO Brief, at 5. Furthermore, AGCO argues that the absence of any legal brief in support of Plaintiff's motion violates L. Civ. R. 7.1(d)(1), and therefore, Plaintiff's Certification should be stricken. *Id.* While I find that Plaintiff's Certification is procedurally defective for the reasons raised by AGCO, the Court will nonetheless consider that Certification in the interest of deciding this motion on the merits. Moreover, Plaintiff has also submitted a reply brief in response to AGCO's opposition, which contains the same legal arguments raised by Plaintiff in her initial Certification.

citizenship. Response, at ¶ 28. AGCO claims that communication between AGCO's counsel and Rick Smith, counsel of Wemrock, prior to AGCO's removal, revealed that Plaintiff had no intention of joining Hights as a defendant in the suit. *Id.* at ¶ 25. This Court will turn to the parties' argument regarding remand.

## DISCUSSION

### I.  Standard of Review

The procedure regarding removal of civil actions to Federal court is governed by 28 U.S.C. § 1446. It has been well established that:

> Under the general Federal removal statutes, an action brought in state court can be removed by the defendant to the Federal district court encompassing the state court if that Federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking to remove a case must file a "notice of removal ... containing a short and *plain statement of the grounds for removal,* together with a copy of all process, pleadings and orders served." 28 U.S.C. § 1446(a) (emphasis added)

*See F.D.I.C. v. Wissel & Sons Const. Co.*, 881 F. Supp. 119, 122 (D.N.J. 1995) (emphasis in original). However, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Accordingly, pursuant to § 1447(c), either defective removal procedure or lack of subject matter jurisdiction is an appropriate ground for remand. *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1215 (3d Cir. 1991).

### II.  Motion to Amend

As a preliminary matter, AGCO asserts that it first became aware that this case was removable in November 2014, upon receipt of the Order Approving Settlement between Plaintiff and Wemrock, with respect to Plaintiff's worker's compensation claim. According to AGCO, this

5

settlement was the first indication that the Decedent was an employee of Wemrock. In that regard, AGCO argues that the Decedent's claims in this case would be precluded by the worker's compensation exclusivity bar, and consequently, Wemrock, a New Jersey entity, would not be a proper defendant in this case, [2] thereby creating diversity of citizenship. Indeed, AGCO further argues that the Ninth Affirmative defense asserted by Wemrock in its April 2014 Answer, specified that the Decedent was an independent contractor and thus not an employee of Wemrock.[3] AGCO Brief, at 11. In response, Plaintiff argues that in that same Answer, Wemrock also asserted the Fourteenth Affirmative Defense, which claimed worker's compensation immunity; in that connection, Plaintiff reasons that this assertion should have put AGCO on notice at that time that the Decedent was potentially an employee of Wemrock. In other words, Plaintiff argues that AGCO should have been aware of this case's removability no later than at the time when the Answer was filed.

Based on the parties' respective positions, the diversity jurisdiction of this suit turns on whether Wemrock's Answer, which contains conflicting affirmative defenses, informed AGCO with a substantial degree of specificity that Plaintiff's claims against Wemrock were subject to the worker's compensation exclusivity bar and thus, Wemrock's citizenship should not be considered for diversity purposes. *See generally Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d

---

[2] I note that despite AGCO's insistence that Wemrock is not a proper defendant, Wemrock remains a defendant in this case even after Wemrock and Plaintiff settled Plaintiff's worker's compensation claims. Indeed, the state court did not dismiss any of the claims asserted against Wemrock as a result of the settlement, nor did the parties seek a dismissal of those claims in state court. Simply stated, Wemrock remains a defendant in this case which destroys diversity.

[3] Interestingly, Wemrock's counsel submitted a letter correspondence to this Court in connection with the instant motion, indicating that "[i]t has long been Wemrock's position that [the Decedent] was an employee of Wemrock" and that "Wemrock . . . [has] communicated to AGCO that [the Decedent] was a personal friend of the owner of Wemrock, and that [the Decedent] was working for Wemrock paying off a debt at the time of the accident." *See* Wemrock Letter dated December 30, 2014.

48, 53 (3d Cir. 1993) (holding that the thirty day removal limitation period is triggered when the four corners of the initial pleading or other paper informs the defendant, with a *substantial degree of specificity*, that all the requirements of federal jurisdiction are present). More generally, this raises the question of how courts must construe "specificity," such that the removing party can conclude, with certainty, that the matter is removable. The facts of this case present a close question as to whether the conflicting affirmative defenses, i.e., independent contractor versus employee, provided sufficient specificity to AGCO for the purposes of removing this case. The Court need not address this issue because, even assuming that Wemrock is not a proper party in this case, diversity jurisdiction is still lacking based on the inclusion of Hights as a defendant.

Plaintiff seeks to amend its Complaint to join and assert claims against Hights. Specifically, Count Six of the Proposed Amended Complaint avers that Hights, "was engaged in the business of designing, manufacturing, assembling, distributing, marketing, selling, servicing and/or repairing agricultural equipment and machinery and/or the components of such equipment and machinery, including, but not limited to" the subject tractor, *id.* at ¶ 3; that Hights had introduced the tractor and its components into the stream of commerce which were not reasonably fit, suitable and/or safe for its intended purpose in violation of the New Jersey Products Liability Act, N.J.S.A. 2A-58(c)-1, *et seq.*, in that it was . . . defectively serviced," *id.* at ¶ 5; that it was Hights' duty to correct dangerous conditions of the tractor, to maintain the safe condition of the tractor, and "to warn the lawful users thereof of unsafe and dangerous conditions associated with the subject tractor," *id.* at ¶ 6; and that as a direct and proximate cause of Hights' servicing of the tractor the Decedent suffered the injuries leading to his death, *id.* at ¶¶ 7–8. Count Seven avers that Hights had expressly and impliedly warranted that the tractor was serviced in a proper manner with adequate warnings and fit for its intended use. *Id.*, Seventh Count at ¶ 2. Finally, Count Eight

avers that as a direct and proximate result of Hights' negligent servicing of the tractor the decedent suffered his injuries and, despite Hights' constructive and actual knowledge of the defects, that it placed the tractor into the stream of commerce. *Id.*, Eighth Count at ¶¶ 2–3.

In opposition to Plaintiff's motion to amend, AGCO does not argue the viability or the merits of Plaintiff's claims against Hights; rather, AGCO only posits that Plaintiff was in possession of Hights' Work Order Invoice prior to the removal of this action, and therefore, had the opportunity to amend its complaint to add Hights while this case proceeded in state court, but deliberately chose not to do so until after the notice of removal had been filed.  In that regard, AGCO points to communication between its counsel and counsel for Hights.  Specifically, AGCO claims that Hights' attorney informed AGCO, ". . . in no uncertain terms that [Counsel for Plaintiff] Mr. Chamas had no intentions of joining Hights Equipment as a Defendant in the lawsuit." AGCO's Opp. Brief at p. 2.  Moreover, AGCO maintains that,

> Defendant's Petition to Remove filed with the Court on November 21, 2014 was filed only after counsel for AGCO contacted Plaintiff's counsel by way of e-mail and voice mail on November 14, 2014 requesting that he contact defense counsel if he intended to join any additional parties and to which Counsel for Plaintiff had failed to respond.

*Id.*  Solely on this basis, AGCO requests that the Court deny Plaintiff's motion to amend. [4]

Here, Plaintiff has moved to amend her Complaint under Rule 15(a), albeit this is not the correct standard.  Under that Rule, a party may amend her pleading "once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under

---

[4] AGCO argues that the inclusion of Hights would be improper on the basis that it is fraudulent.  However, the fraudulent joinder analysis is not appropriate here because that standard applies in circumstances when a party has already been joined to an action.  *See Campuzano v. Stanley Black & Decker, Inc.*, 2014 WL 1418301 (D.N.J. Mar. 19, 2014).  Since Plaintiff is merely moving to add Hights as a defendant in this case, the proper analysis is under § 1447(e). *See infra*.

Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Although the Third Circuit has never announced a standard to make such a determination, it has recently endorsed the factors set forth by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see Hayden v. Westfield Ins. Co.*, 2014 WL 4637987 (3d Cir. Sept. 18, 2014) ("While we have not yet addressed the appropriate analytical approach to § 1447(e) (and need not do so here), the Fifth Circuit has instructed that when a district court is 'faced with an amended pleading naming a new nondiverse defendant in a removed case, it should scrutinize that amendment more closely than an ordinary amendment . . . .'" (quoting *Hensgens*, 833 F.2d at 1182)). The *Hensgens* factors are: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182; *see City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F.Supp.2d 742, 746 (D.N.J. 2008). The factors "balance the defendant's interests in maintaining a federal forum with the competing interests of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182.

Indeed, courts in this district have regularly considered these "flexible and equitable" factors in connection with applications made under § 1447(e). *See C.I.N. Construction, LLC v. Hunt Construction Group, Inc.*, No. 08–5810(SDW), 2009 WL 2998965, *12 (D.N.J. Sept. 18, 2009) ("The Third Circuit has not yet interpreted § 1447(e), but courts in this district, along with numerous other districts have adopted a flexible and equitable approach developed by the Fifth Circuit Court of Appeals in *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)"); *see*

*also, Salamone v. Carter's Retail, Inc.*, 2010 WL 762192, at *1 (D.N.J. Mar. 5, 2010); *City of Perth Amboy v. Saveco Ins., Co.*, 539 F.Supp.2d 742, 746 (D.N.J. 2008) (citing *Doe # 4 v. Soc'y for Creative Anachronism, Inc.*, No. 07–1439, 2007 WL 2155553 at *3 (E.D. Pa. July 25, 2007) (district courts in the Third Circuit use the factors set forth in *Hensgens); Wabby v. State Farm Mut. Auto. Ins. Co.*, No. 09–2449, 2010 WL 1754754, * 2 (M.D. Pa. Apr. 27, 2010).

Importantly, "[when] a district court examines the factors set out in *Hensgens* . . . [it] does not apply the 'freely given' standard of Rule 15(a)." *See Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2009); *Arthur v. Stern*, No. CIV.A. H-07-3742, 2008 WL 2620116, at *4 (S.D. Tex. June 26, 2008) (citing *Tillman*, 929 F.2d at 1029 & n. 11; *Tujague v. Atmos Energy Corp.*, No. 05–2733, 2008 WL 489556, at *1–2 (E.D. La. Feb. 20, 2008); *Dumas v. Walgreens Co.*, No. 3:05–CV–2290–D, 2007 WL 465219, at * 1 (N.D. Tex. Feb. 13, 2007)); *City of Pearth Amboy*, 539 F.Supp.2d at 746; *Midthassel v. Aramark Corp.*, 2010 WL 2521977 (D.N.J. Mar. 30, 2011); *Salamone*, 2010 WL 762192, at *1. I will turn to these factors below.

A.   **Purpose of the Amendment**

The first *Hensgens* factor focuses on whether the purpose of the amendment is to defeat federal jurisdiction, or, in the alternative, whether the plaintiff has "legitimate reasons for the amendment." *See Salamone*, 2010 WL 762192, at *2. "Generally, if a proposed claim is viable, and there is genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." *City of Perth Amboy*, 539 F.Supp. at 754.

Here, Plaintiff asserts that her claims against Hights are brought, *inter alia*, under the NJPLA. The statute states, in relevant part, that,

> [a] manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance

>standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

N.J.S.A. 2A-58(c)-2. In addition, the act defines "product seller" as, "any person who, in the course of a business conducted for that purpose . . . repairs; maintains or otherwise is involved in placing a product in the line of commerce." N.J.S.A. 2A:58(c)-8. In that connection, Plaintiff alleges that Hights is a "product seller" as defined by the statute, because it repaired and maintained the subject tractor. Furthermore, Plaintiff alleges that because Hights made these repairs only months before the Decedent's accident and did not adequately warn of the tractor's defects, it may be held liable under NJPLA for the Decedent's death.

While AGCO argues that Plaintiff failed to add Hights in state court when Plaintiff had knowledge that Hights made certain repairs to the subject tractor, the Court does not find that Plaintiff's motion to add Hights is intended solely to defeat jurisdiction.[5] For one, both state and district courts in New Jersey have found those defendants who made repairs on products which subsequently led to injuries may be liable under NJPLA. *See Hinojo v. New Jersey Mfrs. Ins. Co.*, 353 N.J. Super. 261, 270 (App. Div. 2002); *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F.Supp.2d 494, 498 (D.N.J. 1999). Thus, Plaintiff's claims against Hights are viable because it is possible that Hights' service on the subject tractor caused the defects which led to the Decedent's accident. Consequently, Hights' potential liability in this case is sufficient to show a genuine intent on the part of Plaintiff to prosecute the claims in good faith. *See City of Perth Amboy*, 539 F.Supp. at 754 ("[g]enerally, if a proposed claim is viable, and there is genuine intent to prosecute the claim

---

[5] I note that none of the factual recitations by AGCO were provided in a certification or affidavit.

in good faith, the primary purpose of joinder is not to defeat federal jurisdiction."). Therefore, the first *Hensgens* factor favors Plaintiff in this case.[6]

### B.    Dilatoriness

The second *Hensgens* factor, i.e. whether plaintiff has been dilatory in asking for amendment, "takes into consideration the length and nature of the delay." *See Fields v. Zubkov*, 2008 WL 4447098, at *6 (D.N.J. Sep. 26, 2008). "A plaintiff's conduct is dilatory when the purpose of the delay was to unnecessarily prolong litigation." *Id.* Here, although Plaintiff did not seek to amend her Complaint until after the case was removed, the Court does not find that Plaintiff was dilatory.  Plaintiff only became aware that Hights serviced and maintained the subject tractor during the course of discovery in the state court. Indeed, Plaintiff moved to amend in December 2014, less than a year after filing her original Complaint, while this case was still in its infancy. AGCO has not presented any evidence that Plaintiff deliberately intended to prolong litigation by waiting to file her motion after removal. Therefore, the second *Hensgens* factor also favors Plaintiff in this case.

### C.    Prejudice

The third *Hensgens* factor inquires whether Plaintiff, here, would be prejudiced if her motion to join Hights is denied. Courts in this district have previously found that the burden of "prosecuting two separate actions involving common facts in two different forums will increase

---

[6]   Although the Court finds that Plaintiff has satisfied the first *Hensgens* factor, the Court is not conducting a Rule 12(b)(6) analysis, and therefore need not consider the merits of Plaintiff's individual claims. That being said, with respect to Counts Seven and Eight, which appear to respectively assert claims of breach of implied warranty and negligence, "New Jersey courts interpreting the [NJPLA] have consistently held that, as a general rule, common law actions for breach of negligence and implied warranty are subsumed by the NJPLA when the claims asserted fall within the act's purview." *See Universal Underwriters Ins. Group v. Public Service Elec. & Gas Co.*, 103 F.Supp.2d 744, 746 (D.N.J. 2000).

litigation costs." *See Zubkov*, 2008 WL 4447098, at *6; *see also City of Perth Amboy*, 539 F.Supp.2d at 754. Consequently, the substantial cost of multiple litigations is evidence that a plaintiff would be prejudiced. *Zubkov*, 2008 WL 4447098 at *6 (citing *Kahhan v. Massachusetts Ca. Ins. Co.*, 2001 WL 1454063, at *2 (E.D. Pa. July, 25, 2007). In this case, if the Court were to deny Plaintiff's request to join Hights, Plaintiff would be forced to file a separate action against Hights. By doing so, Plaintiff may potentially be subjected to "inconsistent results by having two separate lawsuits arising out of essentially the same set of facts." *Zubkov*, 2008 WL 4447098, at *6. And, Plaintiff would incur additional costs for litigating a parallel action in a different court. Therefore, the third *Hensgen* factor weighs in favor of Plaintiff in this case.

### D. Equitable Considerations

Finally, the fourth *Hensgens* element considers any other factors bearing on the equities. The Court finds that "judicial economy is [better] served by joinder" of Hights in this matter. *Zubkov*, 2008 WL 4447098, at *6. "Compelling a plaintiff to pursue parallel actions in state and federal court is a waste of judicial resources." *Id.* Instead, the most rational approach is, "to determine the respective rights and liabilities of all relevant parties ... in one proceeding . . . . [I]t would be inefficient to adjudicate the causes and extent of Plaintiff's injuries in two different forums." *Id.* (internal citations and quotations omitted). Here, judicial economy is better served by allowing Plaintiff to litigate against all defendants in a single forum. More importantly, as a matter of fairness, if Plaintiff were to file a new case against Hights, those claims would be barred by the statute of limitations, which presumably expired in May 2015. Thus, because the Court does not find any economic or equitable factors which outweigh the interests of Plaintiff to join Hights as a defendant, the Court concludes that the fourth *Hensgens* factor tips in favor of Plaintiff.

Having weighed all the *Hensgens* factors, I find that Plaintiff's interests in adding Hights as a defendant outweigh AGCO's competing interests in maintaining this case in a federal forum. Plaintiff's motion to amend is granted.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend her Complaint is hereby **GRANTED**; because Hights is a New Jersey entity, this Court lacks complete diversity of citizenship, and this matter shall be remanded to the New Jersey Superior Court, Law Division, Monmouth County.

Dated: July 20, 2015                           /s/      Freda L. Wolfson
                                               Freda L. Wolfson
                                               United States District Court